**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Richard S. Crosby

    v.                                   Case No. 23-cv-108-LM

United States Social
Security Administration

**Report and Recommendation**

Richard S. Crosby, who is proceeding pro se and in forma pauperis, filed a complaint to challenge the decision of the Social Security Administration ("SSA") denying his application for social security benefits. The case was referred to the undersigned for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.3(d)(2).

**Preliminary Review Standard**

On preliminary review, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). The court may dismiss claims sua sponte if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See LR

4.3(d)(1). The court construes pro se plaintiffs' filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## Discussion

Crosby states that he is seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security that denied his claim for supplemental security income and disability insurance benefits. Docs. nos. 1 & 4. Crosby did not provide a copy of the decision or a date when the decision issued. He alleges, however, that he filed a claim for disability insurance benefits in March of 2013 and that his claim was denied. He further alleges that errors were made in his case pertaining to his income records before 2004.

In a previous case filed in this court, Crosby provided more detail about his application for benefits, the decision of the Administrative Law Judge, and the action taken by the Appeals Council. Crosby v. Social Security Admin., No. 22-cv-234-SE, 2022 DNH 099, 2022 WL 3544370, at *1-*2 (D.N.H. Aug. 18, 2022). Crosby's application for disability insurance benefits was initially granted in 2014. Id. The Appeals Council, however, reopened Crosby's case and determined based on a report from the Internal Revenue Service that Crosby was not entitled to benefits. Id. That decision issued on July 6, 2015. Id. The court dismissed Crosby's claim, seeking review of the decision denying him benefits, for lack of subject matter jurisdiction

and because it was barred by the statute of limitations. Id. at *2-*3.

As the court stated in Crosby's previous case, a claimant for social security benefits may move for review of a decision denying benefits within sixty days after the decision is mailed to the claimant. 42 U.S.C. § 405(g). The time calculation may be affected by circumstances pertaining to a final decision and also may be extended by five days on initial decisions. Walker-Butler v. Berryhill, 857 F.3d 1, 2-3 & 5 (1st Cir. 2017). The statute of limitations on social security review is not jurisdictional but is "a condition on the waiver of sovereign immunity and thus must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 478 (1986).

The final decision on Crosby's social security application was issued in 2015. Crosby filed his complaint on February 8, 2023. Therefore, he is barred by the statute of limitations from seeking judicial review of the Social Security Administration's decision denying his application for benefits.

## Conclusion

For the foregoing reasons, the district judge should dismiss Crosby's complaint (documents nos. 1 & 4) with prejudice.

Any objections to this Report and Recommendation must be filed within **fourteen days** of receipt of this notice. See Fed.

R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 10, 2023

cc: Richard S. Crosby, pro se